IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUIS SANCHEZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. CIV-14-924-W ) |
| KENT KING et al., | ) ) ) |
| Defendants. | ) |

## ORDER

On March 2, 2016, United States Magistrate Judge Charles B. Goodwin issued a Report and Recommendation in this matter and recommended that plaintiff Luis Sanchez, who is proceeding pro se and currently incarcerated at Lawton Correctional Facility ("LCF"), be permitted to dismiss his complaint against defendant Kent King, M.D. Magistrate Judge Goodwin further recommended that the Court grant summary judgment in favor of defendant Shirley Stouffer, LCF's Medical Administrator, because Sanchez failed to exhaust his administrative remedies in connection with his claims seeking relief under title 42, section 1983 of the United States Constitution.

The parties were advised of their right to object, see Doc. 36 at 27, and the matter now comes before the Court on Sanchez's objection to the Report and Recommendation, wherein Sanchez has challenged only that portion of the Report and Recommendation that pertains to defendant Stouffer and Grievance No. 13-572. See Doc. 37.

Upon review of the record, the Court concurs with Magistrate Judge Goodwin's suggested disposition of Sanchez's request to dismiss defendant King, and in reviewing the record de novo, the Court likewise concurs with Magistrate Judge Goodwin's findings

and recommendation as to Stouffer's request for summary judgment.[1]

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007)(citation omitted).

"A prisoner exhausts administrative remedies 'by properly following all of the steps laid out in the prison system's grievance procedure.'" Jolliff v. Corrections Corporation of America, 626 Fed. Appx. 783, 783 (10th Cir. 2015)(quoting Little v. Jones, 607 F.3d 1245, 1249 (10th Cir. 2010))(cited pursuant to Tenth Cir. R. 32.1). The PLRA, however, "only requires the exhaustion of administrative remedies 'as are available.'" Id. (quoting 42 U.S.C. § 1997e(a)). "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." Little, 607 F.3d at 1250 (citation omitted).

Exhaustion is an affirmative defense, e.g., Jones v. Bock, 549 U.S. 199, 216 (2007); Stouffer therefore had "the burden of asserting and proving that . . . [Sanchez] did not utilize," Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011), the Oklahoma Department of Corrections' multi-step process. Because Stouffer has met her burden and shown that Sanchez did not follow all required steps in connection with Grievance No. 13-572, "the

---

[1] Because the parties are familiar with the events giving rise to this lawsuit as well as the procedural history of this case, the Court finds it need not repeat either in the instant Order.

2

onus [fell] . . . on [Sanchez] . . . to show that [those] remedies were unavailable to him[.]" Tuckel, 660 F.3d at 1254. Accordingly, Sanchez was required to demonstrate with specificity the existence of a genuine issue of disputed fact in connection with his failure to exhaust.

Sanchez has asserted in his complaint that "prison officials . . . attempted to frustrate the grievance process," Doc. 1 at 7 (citation omitted), and that he "did all he could to exhaust his remedies[.]" Id. (citation omitted). In his objection to the Report and Recommendation, Sanchez has further asserted that "his efforts to exhaust his administrative remedies were indeed thwarted and hindered by LCF officials." Doc. 37 at 1 (citation omitted). He has contended that "LCF officials (Grievance Coordinator) deliberately did not check the box allowing resubmission to confuse and thwart [his] . . . attempt to exhaust his administrative remedies because the Grievance Coordinator . . . was well aware of [his (Sanchez's)] . . . language barrier." Id. at 2. As Magistrate Goodwin found, however, it was not Sanchez's failure to resubmit Grievance No. 13-572, but rather his failure to submit a proper and timely appeal related to that grievance that entitles Stouffer to summary judgment.

Accordingly, because Sanchez has not shown a genuine disputed issue of fact with regard to his failure to exhaust available administrative remedies, the Court

(1) ADOPTS the Report and Recommendation [Doc. 36] filed on March 2, 2016;

(2) GRANTS Sanchez's request that he be permitted to dismiss his claims against defendant King, see Doc. 33, and hereby DISMISSES without prejudice Sanchez's claims seeking relief against this defendant under title 42, section 1983 of the United States Constitution for violations of the eighth amendment to the United States Constitution;

(3) GRANTS Stouffer's Motion for Summary Judgment [Doc. 34] filed on August 14, 2015, because Stouffer's affirmative defense of nonexhaustion of administrative remedies has been established as a matter of law as to all claims asserted against her;

(4) DENIES as moot Sanchez's Motion for Appointment of Counsel [Doc. 31] file-stamped July 1, 2015; and

(5) ORDERS that judgment in favor of Stouffer and dismissing King issue forthwith.

ENTERED this 29th day of March, 2016.

LEE R. WEST
UNITED STATES DISTRICT JUDGE